IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1127-LTB
**JERRY D. CARTER**,

      Plaintiff,

v.

**EL PASO COUNTY SHERIFF DEPT.;**
**KINNER, Sgt.,**

      Defendants.

---

## ORDER TO DISMISS

---

      Plaintiff, Jerry D. Carter, currently is in custody in the Colorado Mental Health Institute at Pueblo (CMHIP). He was transferred there from the El Paso County Sheriff's Department sometime earlier this year. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to § 1915 (ECF No. 4).

### A.  Mandatory Screening and Standards of Review

      In 1996, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal

quotation and citation omitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint.  28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). Moreover, Defendants are employees of a governmental entity.  In addition, he is complaining about the conditions of his confinement.  Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  The question to be resolved is:  whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative

level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"   *Bell Atlantic Corp.*, 550 U.S. at 555.   When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits.   *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted).   Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).   *See also  Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall*, 935 F.2d at 1110.   However, a court should not act as a *pro se* litigant's advocate.   *See id.  Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend.   *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B.  Plaintiff's Allegations

Plaintiff claims that in December of 2014, while he was incarcerated at the El Paso County Sheriff's Department, he fainted and split his head open and was taken to the medical department. While he was in the medical department, Sergeant Kinner was standing behind him while the

medical person was trying to ask him questions.  The sergeant was very loud and was "interfering with her noise" so Plaintiff turned around and told her to "shut up back there."  Sometime during this episode Sergeant Kinner exerted extreme pressure on his inner upper left arm, which left bruises for two weeks.

For the reasons stated below, the Complaint and the action will be dismissed pursuant to screening authority set forth above.  The pertinent grounds which will result in the dismissal are addressed below.  An appropriate order follows.

### C. Liability under 42 U.S.C. § 1983

Plaintiff  seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).  In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed.  *Graham v. Connor*, 490 U.S. 386, 393–394 (1989) (internal quotations and citations omitted).  The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right.  *Id*.

Plaintiff's claim concerns the conditions of his confinement.  Claims concerning prison conditions filed by pretrial detainees are evaluated under the Due Process Clauses of the Fifth and Fourteenth Amendments, which prohibit defendants from undertaking acts that amount to punishment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  In order to determine whether the challenged conditions of pre-trial confinement amount to punishment:

[a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [it has] an alternative purpose ... and whether it appears excessive in relation to [that] purpose.... Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court may permissibly infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees.

*Id*. at 538–39 (citations and internal quotations omitted).

Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for excessive force claims.  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  Thus, in determining whether Plaintiff's rights were violated, I must apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.

In this regard, the use of excessive physical force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 4 (1992).  The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm."  *Id*., 503 U.S. at 6.  As the Court made clear in Hudson, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  *Id*. (internal quotation marks omitted).  Thus, even if a use of force is deemed unnecessary after the fact; if it was both de minimis and "not of a sort repugnant to the conscience of mankind," it will not sustain an excessive-force claim.  *Id*. at 10 (internal quotation marks omitted).

In the instant case, the force allegedly used against Mr. Carter was both *de minimis* and not of a nature that is repugnant to mankind.  Merely yanking a prisoner's arm resulting in some

bruising does not allege a constitutional violation for excessive force. *See, e.g.*, *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (dismissing claim in which prison guards were alleged to have injured a prisoner by grabbing him around his neck and twisting it as not objectively harmful enough to establish a constitutional violation); *Marshall v. Milyard,* 415 Fed. App'x 850, 853-854 (10th Cir. Jan. 31, 2011) (allegation that corrections officer put his fingernails deep into prisoner's right arm without cause to do so resulting in redness and bruising failed to state a claim for excessive force). *Accord De Walt v. Carter*, 224 F.3d 607, 610–11 (7th Cir. 2000) (holding that shoving a prisoner into a doorframe, which resulted in bruising on his back, did not state a constitutional violation; *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (holding that bumping, grabbing, elbowing, and pushing a prisoner was "not sufficiently serious or harmful to reach constitutional dimensions."); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation).

While this Court does not condone unnecessary uses of force by prison guards, Mr. Anthony's allegations of *de minimis* force simply fall short of what is required to establish a constitutional violation. The Court, therefore, will dismiss the Complaint and Plaintiff's request for money damages because Plaintiff fails to state a violation of his Fourteenth Amendment rights.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or 42 U.S.C. § 1997e(c).  It is

**FURTHER ORDERED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is cautioned that he may not bring any further civil actions without paying the full filing fee after he has accumulated three strikes under 28 U.S.C. § 1915(g).  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this __4th__ day of June, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court